DECEMBER.

### HARWOOD vs. RAWLINGS's Heirs.

B H filed a bill in chancery in 1805 against the heirs at law of R R, on a bond executed by R R in 1789, the personal estate being insufficient. The heirs, by their answer, relied on the act of limitations, and to prevent the operation of that act, B H exhibited a judgment obtained by him in 1802, on the administration bond executed by the admi, stratrix of R R.—*Decreed* that the bill be dismissed.

APPEAL from the Court of Chancery. The bill of the complainant, (now appellant,) filed on the 17th of April 1805, stated that *R. Rawlings*, deceased, the father of the defendants, (the appellees,) gave his bond, dated the 5th of May 1789, to *T. Harwood*, deceased, and the complainant, for £137 18 0; that a payment of £57 10 3 was made on the 8th of April 1794, by *S. Rawlings* the administratrix of the obligor. The bill also stated the insufficiency of the personal assets belonging to the obligor's estate, and his having two heirs, the defendants, to whom his real estate descended. *Prayer*, that the said real estate be sold to pay the above bond. The answer of *R. G. Rawlings*, one of the defendants, filed at May term 1805, declared his ignorance of the bond, and relied on the act of limitations. At July term 1808, the complainant filed another bill, reciting the matters in the former bill, and stating that the real estate of the obligor had been sold by an order of *Anne-Arundel* county court, under the act to direct descents, and praying an injunction to prevent the commissioners, appointed to make the sale, and the purchaser, from paying over the money to the heirs; which injunction was granted. The answer of *F. Rawlings*, the other defendant, by his guardian, was filed at May term 1809, stating his ignorance of the bond, and put the complainant on the proof of it. The second answer of *R. G. Rawlings* was filed at February term 1811. He admitted the sale of the real estate of his father by an order of *Anne-Arundel* county court, and the want of personal assets out of which the complainant's debt could be satisfied. He neither admitted nor denied the justice of the claim. He admitted the other allegations in the bill. A commission issued, under which the execution of the bond was proved. At February term 1812, *F. Rawlings*, having arrived of age, filed his petition to have leave to plead, answer or demur, which was granted, and he answered—declaring his ignorance of the bond, and pleading the act of limitations. The com-

plainant exhibited a judgment obtained in *Anne-Arundel* county court at April term 1802, in an action on the administration bond, given on the 21st of April 1791, on the estate of *R. Rawlings*, brought in the name of the state, at the instance and for the use of *T.* & *B. Harwood*, against *T. N. Stockett*, one of the sureties in that bond. The judgment was confessed for the penalty of the bond, and costs, "to be released on payment of what *James Mackubin* shall award to be due."

KILTY, Chancellor, (February term 1813.) The defence set up of the claim being barred by the act of limitations, is one which the chancellor would not be disposed to countenance, if he had a discretionary power. But as it is relied on, he considers himself bound to say, that it is a bar to the relief prayed.—*Decreed*, that the bill be dismissed, but without costs. From which decree the complainant appealed to this court.

The cause was argued before CHASE, Ch. J. and BUCHANAN, NICHOLSON, JOHNSON, and MARTIN, J.

*Magruder*, for the Appellant, contended, that the plea of the act of limitations could not affect the complainant's right of recovery. 1. The statute of limitations is not necessarily a bar in equity. It is often adopted there, but is also often rejected. In cases of this description, twelve years may often elapse before a bill can be filed in chancery without any laches of the obligee; because, before he can resort to chancery for relief, by sale of the real estate, it is necessary to ascertain the insufficiency of the personal assets. Of course no proceeding can be had in equity until the administration of the personal estate. There is no reason, therefore, to be given for applying the statute of limitations to cases like this. 2. In the second place, the plea is relied on only by one of the heirs. The other has abandoned it. As the law does not make it a bar to suits in equity, and one of the heirs abandons it, why should it be admitted in favour of the other? But here a suit was brought at law, and judgment recovered on the administration bond in 1802. At the time of its rendition, the situation of the personal estate, and whether sufficient to pay debts, was unascertained, and it was in consequence referred to Mr. *Mackubin*, to determine whether there were sufficient assets to pay the debts. The bill in this case was filed three or four years after the judgment at law. This judgment ought surely to be an answer to the plea of limitations, even if it had been insisted upon by both of the heirs.

*Boyle*, for the Appellees. The second answer of *R. G. Rawlings* does not withdraw the plea of limitations. It is an answer to the bill of injunction, and as such only answers the matters contained in that bill. The plea of li-

1815.

Carroll
vs
Smith

mitations having already been put in by him, and the complainant not having replied to that plea, it was unnecessary to rejoin, and the plea could not have been again urged *by him*, unless in the nature of a rejoinder. He therefore, as well as his co-defendant, relies on that plea. The exhibit filed by the complainants, as proceedings had in *Anne-Arundel* county court, is not a part of the bill, and consequently is not a part of the case. It is not admitted by either of the defendants—is not referred to in either of the bills, nor does it appear at what time it was filed. Another fatal objection to this exhibit is, that it was referred out of court to Mr. *Mackubin*, who never made an award, and consequently there never was a certain and absolute judgment in the case. With respect to the plea of limitations—A court of chancery is bound by a positive law, as well as a court of law. The plea of limitations in this state, is founded on a positive law; therefore the court is bound to respect it. In *England* a bond is *presumed* to have been paid after a lapse of 20 years—there being no positive law relating to a bond, whereas in this state there is a positive law on the subject, and no court can contravene a positive law. Any analogy attempted to be drawn from decisions in *England*, founded on presumption, and those which may be found on positive statute, must fail— *Est boni judicis non dare sed dicere leges.*

DECREE AFFIRMED.